## RAIVES v. UNITED STATES et al.
## No. 3431.

District Court, E. D. New York.
March 1, 1930.

Anderson, Phillips & Moss, of New York City (Louis J. Merrell, of New York City, of counsel), for plaintiff.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Albert D. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Edward Weinfeld, of New York City, for defendant Raives.

MOSCOWITZ, District Judge.

This is an action upon a policy of war risk insurance. The action was commenced by Anna Raives, wife of Irving Raives, the insured, against Mary Raives, mother of the insured, to set aside the change of beneficiary under the policy on the ground of fraud and duress. The United States of

America was made a codefendant in the action.

The answer of the codefendant, United States of America, seeks the affirmative relief of cancellation of the policy upon the ground of fraud. The defendant, Mary Raives, has interposed an answer denying the allegations of plaintiff's complaint.

Upon the trial of the action is was stipulated, by and between counsel for the respective parties, that, although the action was brought in the name of Anna Raives as plaintiff, if this court should hold the said policy valid, then the judgment should be rendered against the codefendant United States of America for the amount of the policy, in favor of the defendant Mary Raives.

Irving Raives, the insured, enlisted in the United States Army on February 25, 1918, and was honorably discharged therefrom on December 28, 1918.

On March 1, 1918, under the provisions of the War Risk Insurance Act (40 Stat. 398), he applied for and was subsequently granted War Risk Term Insurance in the sum of $10,000 designating Mary Raives, described as mother, as the beneficiary thereunder. In the month of December, 1918, the said term insurance lapsed on account of nonpayment of premium.

Under date of May 15, 1926, the insured signed and filed with the United States Veterans' Bureau an application for reinstatement of the yearly renewal term insurance. Under the same date, May 15, 1926, the insured signed and filed with the United States Veterans' Bureau an application to convert the said term insurance to a twenty payment life insurance policy. Simultaneously therewith, the insured tendered with the said application the arrears of premiums amounting to $70.62, the amount necessary to reinstate and convert.

United States Veterans' Bureau Regulation No. 14, paragraph 9, reads as follows: "9. The applicant for reinstatement * * * must furnish during his lifetime a written application signed by him, which shall state that he is in as good health as at date of lapse * * * and in addition the applicant shall furnish such evidence relative to his physical condition as may be required by the Director, and on such forms as the Director may prescribe."

Pursuant to this provision, the insured was furnished with the form of application above referred to and made the following answers to the following questions:

"Q. 5. Are you now in as good health as you were at the due date of the premium in default? A. Yes.

"Q. 6. Are you now permanently and totally disabled? A. No.

"Q. 7. Have you been ill, or contracted any disease or suffered any injury, or been prevented by reason of ill health from attending your usual occupation, or consulted a physician in regard to your health, since lapse of this insurance. (Answer "Yes" or "No.") A. No.

"Q. If so, give dates and full particulars including the name and address of physician." (No information was furnished relative to the latter part of this question.)

In connection with the application, the insured was required by the United States Veterans' Bureau to submit to a physical examination by a physician designated by the United States Veterans' Bureau. The insured was examined by a medical officer of the Reserve Corps. Thereafter the said physician made a report of the result of the examination to the United States Veterans' Bureau.

The insured's application for reinstatement and conversion was accepted, and thereafter the United States of America issued to the insured its policy of life insurance No. K 545—677 in the sum of $10,000 to take effect May 1, 1926, and under which policy Anna Sindell Raives, described as wife, was designated as the beneficiary.

In May, 1927, the policy of converted insurance No. K 545—677 lapsed on account of nonpayment of premium for the month of May, 1927. The policy No. K 545—677 contained the following provision under the heading of reinstatement: "3. This policy if it has not been surrendered for a cash-surrender value, may be reinstated at any time after lapse upon evidence of the insurability of the Insured satisfactory to the Bureau of War Risk Insurance, and upon the payment of all premiums in arrears, with interest. * * *"

Thereafter, under date of June 24, 1927, the insured signed and filed with the United States Veterans' Bureau an application to reinstate the lapsed policy of life insurance No. K 545—677. Pursuant to United States Veterans' Bureau Regulation No. 14, paragraph 9, hereinbefore set forth, the insured furnished the following answers to the following questions:

"Q. 2. Are you in as good health as you were at the due date of the premium in default? A. Yes.

"Q. 3. Are you now permanently and totally disabled? (Answer 'Yes' or 'No'.)" This question was not answered. A line was drawn through the words "Answer 'Yes' or 'No.'

"Q. 4. Have you been ill, or contracted any disease, or suffered any injury, or been prevented by reason of ill health from attending your usual occupation, or consulted a physician in regard to your health, since lapse of this insurance. (Answer 'Yes' or 'No.') A. No.

"Q. If so, give dates and full particulars including the name and address of physician." No information was furnished relative to the latter part of this question.

Thereafter the said policy of life insurance No. K 545—677 was reinstated by the United States of America in full force and effect.

Under date of August 31, 1927, the insured filed a formal application to change the beneficiary under said policy No. K 545—677 from Anna Sindell Raives, described as wife, to Mary Raives, described as mother.

Thereafter, and under date of September 27, 1927, the United States War Veterans' Bureau accepted the change of beneficiary, evidencing its acceptance by an indorsement upon the said policy.

According to the certified copy of the death certificate, the insured died on December 1, 1927, at the Manhattan State Hospital, New York City.

It has also been stipulated that the premiums under the said policy were fully paid up to and including the date of the insured's death.

■ The United States Veterans' Bureau Regulation No. 14, paragraph 9, supra, required the applicant to furnish a written application stating that he is in as good health as at the date of the lapse of the policy, and, in addition, to furnish such evidence relative to his physical condition as may be required by the Director. The law is well settled that regulations prescribed by the departments of the government pursuant to statutory authority have the full force and effect of law until revoked, superseded, or modified. Birmingham v. U. S. (C. C. A.) 4 F.(2d) 508; Tomlinson v. U. S. (D. C.) 18 F.(2d) 795; Sternfeld v. U. S. (D. C.) 32 F.(2d) 789; Cassarello v. U. S. (D. C.) 271 F. 486; Claffy v. Forbes (D. C.) 280 F. 233 and Covey v. U. S. (D. C.) 263 F. 768.

■ Pursuant to this regulation the insured under date of May 15, 1926, filed an application in which he stated that he was in as good health as at the date of the lapse of the policy, and that he had not been ill, or contracted any disease, or consulted a physician in regard to his health since the lapse of the policy, when, in fact, he had consulted a physician in regard to his health since the lapse of the policy.

I am convinced, upon the evidence adduced, that the answer of the insured, that he had not consulted a physician, in the application to reinstate and convert, dated May 15, 1926, was false and fraudulent in that the insured misrepresented a certain material fact, and that the false answer which was a misrepresentation of a material fact constitutes fraud and vitiates the reinstatement and conversion. Jenkins v. U. S. (D. C.) 24 F.(2d) 452.

■ It is the plaintiff's contention, however, that by virtue of clause 7 of the policy No. K 545—677 the government cannot be heard to resist the payment of the policy. Clause 7, which is an incontestability clause, reads as follows: "7. This policy shall be incontestable from the date it takes effect, except for non-payment of premiums. * * *"

If this clause be a valid clause then the fraud of the insured cannot be availed of by the government, because the policy would be incontestable from the date it takes effect, except for nonpayment of premiums.

However, there appears on the face of the policy the following statement: "This policy is issued under the authority of and subject to the provisions of the World War Veterans Act, 1924, as amended March 4, 1925."

Section 307 of the World War Veterans' Act, 1924, as amended March 4, 1925, title 38 USCA § 518, is as follows: "Policies of insurance heretofore or hereafter issued shall be incontestable after the insurance has been in force six months from the date of issuance or reinstatement, except for fraud or nonpayment of premiums and subject to the provisions of section 447 of this title. * * *"

The statute provides that the policies shall be incontestable after the insurance has been in force six months, except for fraud or nonpayment of premiums. It is obvious that the statute excepts fraud and nonpayment from the operation of the incontestability clause, while the policy itself only excepts the nonpayment of premiums from the operation of the incontestability clause, and therefore the statute and the clause 7 of the policy are in conflict. However, this is immaterial, as the statute and not the policy

governs, and, since the statute expressly excepts fraud from the operation of the incontestability clause, the fraud of the insured vitiates the contract, and judgment may be entered dismissing the complaint and declaring the policy No. K 545—677 canceled and held for naught.